IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN C. TURNER                                           PETITIONER

VS.                                        CIVIL ACTION NO. 1:22-cv-250-TBM-FKB

BURL CAIN, South MS Corrections                        RESPONDENT

**REPORT AND RECOMMENDATION**

John C. Turner entered a plea of guilty in the Circuit Court of Jackson County, Mississippi, to burglary. By order entered April 4, 2014, he was sentenced as a habitual offender to five years in the custody of the Mississippi Department of Corrections and two years of post-release supervision. He now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his sentencing as a habitual offender. Respondent has filed a motion to dismiss the petition as untimely. [13]. Turner has filed no response to the motion.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Turner's conviction became final on July 3, 2014, the day his 90-day period for seeking direct review by the United States Supreme Court expired.  See *Wallace v. Mississippi*, 43 F. 4th 482 (5th Cir. 2022).  His one-year limitations period began to run that day.  He had one year from that date, or until July 6, 2015, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court.[1]  Turner filed no state PCR motion by July 6, 2015.  Thus, his one-year limitations period ran on that date.[2]  Turner did not file his federal habeas petition until September 8, 2022.[3]

---

[1] Friday, July 3, 2015, was the observed federal holiday for the Fourth of July. Thus, Turner had until the next available business day, Monday, July 6, 2015, in which to timely file his federal habeas petition.

[2] Respondents point out that Turner has never filed a PCR motion regarding his guilty plea.  Thus, an alternative basis for dismissal is that his claim was never properly exhausted and is now procedurally barred.  See *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

[3] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999).  Turner signed his petition on September 8, 2022, and it was stamped as "SMCI Approved Legal Mail" that same day.

2

Neither has Turner established entitlement to equitable tolling.  In his petition, he alleged that he has a learning disability and delayed filing because he has a hard time understanding things and only recently has had someone to help him.   To establish entitlement to equitable tolling, a petitioner must show that despite diligent pursuit of his rights, some extraordinary circumstance prevented him from timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Turner's allegations fall short of this standard. Moreover, the Fifth Circuit has stated on numerous occasions that ignorance of the law or the fact of proceeding *pro se* does not constitute exceptional circumstances warranting equitable tolling under  § 2244(d).  *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 n. 3 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000). Finally, Turner can hardly claim diligent pursuit of his rights, as he waited more than seven years after his time had run before filing his petition.

Turner's petition is untimely, and he has failed to establish any basis for tolling or any other exception to AEDPA's limitations period.  For these reasons, the undersigned recommends that the motion to dismiss be granted and that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen (14) days after being served with a copy[4] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the

---

[4] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).

district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 26th day of April, 2023.

                                                                        s/ F. Keith Ball
                                                                        United States Magistrate Judge